# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Lycoming County

**For Prothonotary Use Only:**
Docket No: 20 - 1167

The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** MELVIN SMITH

**Lead Defendant's Name:** TERVITA ENVIRONMENTAL SERVICES, CORP.

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested (check one):**
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a Class Action Suit?** [x] Yes  [ ] No

**Is this an MDJ Appeal?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** Elizabeth Pollock Avery

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [x] Other: Wrongful Termination

**EXHIBIT A**

Updated 1/1/2011

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

   (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

   (ii)   actions for support, Rules 1910.1 et seq.

   (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

   (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

   (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

   (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

## IN THE COURT OF COMMON PLEAS
## FOR THE COUNTY OF LYCOMING COUNTY, PENNSYLVANIA

MELVIN SMITH,

Plaintiff,

vs.

TERVITA ENVIRONMENTAL SERVICES, CORP.

Defendant.

: DOCKET NO: 20-11667
:
: CIVIL ACTION
:
: JURY TRIAL DEMANDED
:

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pennsylvania Bar Association
Lawyer Referral Service
100 South Street (P.O. Box 186)
Harrisburg, PA 17108
(800) 692-7375

### AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Lycoming County is required by law to comply with the Americans With Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the office of the Lycoming County Court Administrator, Lycoming County Courthouse, 48 West Third Street, Williamsport, PA 17701, Telephone No. (570) 327-2330. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

Date: November 30, 2020

Elizabeth Pollock Avery
Carlson Lynch LLP
1133, Penn Avenue, 5th Floor, Pittsburgh, PA 15222
412-322-9243

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF LYCOMING COUNTY, PENNSYLVANIA

MELVIN SMITH,

Plaintiff,

vs.

TERVITA ENVIRONMENTAL SERVICES, CORP.

Defendant.

: DOCKET NO: 20 - 1167
:
: CIVIL ACTION
:
: JURY TRIAL DEMANDED
:

## COMPLAINT

Plaintiff, Melvin Smith ("Plaintiff"), by and through his undersigned attorneys hereby brings this complaint against Defendant, Tervita Environmental Services Corp. ("Defendant"), and asserts as follows:

## INTRODUCTION

1. This is an action for money damages by a former employee of Tervita Environmental Services for wrongful termination in violation of the clear mandate of public policy of the Commonwealth of Pennsylvania. After being injured at the worksite, Plaintiff reported his injury to a supervisor and subsequently filed for workers compensation under the Pennsylvania Workers' Compensation Act, 77 P. S. §1, *et seq*. After filing for workers compensation, Defendant retaliated by terminating Plaintiff's employment. Accordingly, Plaintiff claims arise under the common law of the Commonwealth of Pennsylvania for wrongful termination in retaliation for complying with a statutorily imposed duty.

## JURISDICTION AND VENUE

2. Defendant is subject to the specific jurisdiction of this Court because Defendant has caused harm or tortious injury by acts or omissions in this Commonwealth and outside this

Commonwealth, pursuant to 42 Pa. Cons. Stat. § 5322

3. Venue is proper in this jurisdiction because this is the jurisdiction in which Defendant regularly conducts business, pursuant to 231 Pa. Code § 2179.

## PARTIES

1. Plaintiff Melvin Smith is a citizen of the Commonwealth of Pennsylvania. At all relevant times hereto, Plaintiff was employed by Newalta Environmental Services, Inc. ("Newalta") and its subsequent successor company, Tervita Environmental Services, Corp., as a full-time solids control technician from December 2, 2016 until his employment was terminated on September 4, 2019.

2. Newalta is a Canadian Corporation, incorporated under the laws of the Province of Alberta, with its United States headquarters located at 1600 Broadway, Suite 1600, Denver, Colorado 80202. Newalta operated a field office at 145 Miller Avenue, Montgomery PA, 17752.

3. On July 19, 2018, Newalta merged with Tervita Environmental Services. The two companies formed successor company Tervita Environmental Services, Corp. ("Defendant" or "Tervita").

4. Defendant Tervita is an environmental services company and Canadian Corporation, incorporated under the laws of the Province of Alberta, with a principal place of business located at 140 10 Ave, Suite 1600, Calgary, Alberta T2G 0MR1.

5. At all times relevant to this Complaint, Defendant regularly conducted business out of its Newalta field office located 145 Miller Avenue, Montgomery PA, 17752.

## FACTUAL ALLEGATIONS

6. Defendant employed Plaintiff from December 2, 2016 until September 4, 2019 as a full-time solids control technician.

7. Plaintiff had previously been employed by Tervita for five years.

8. On August 17, 2019, Plaintiff was injured on the job while moving a manifold.

9. At this time of the injury, Plaintiff was finished with the rigging down process and was no longer in the "line of fire." The "line of fire" specifically refers to when people are swinging hammers. Since Plaintiff was no longer swinging a hammer and no longer in the line of fire, he was not wearing impact gloves.

10. Prior to lifting the manifold, Plaintiff wore impact gloves when he was helping to rig down the work location.

11. When Plaintiff was moving the manifold, his finger was pinched, lacerating his right ring finger.

12. After injuring his finger, Plaintiff stopped all work temporarily, bandaged the finger, and reported the injury to the company man and his senior operator.

13. After informing supervisor Aaron Young, Plaintiff, accompanied by Mr. Young, then traveled to the Ohio Valley Medical Center where he was evaluated by a doctor in the emergency room ("ER").

14. As a result of his injury, Plaintiff received six (6) stitches in his right ring finger. The doctor informed Plaintiff that he was clear to go back to work with full duties and no restrictions.

15. On September 4, 2019, Defendant discharged Plaintiff because he allegedly (1) violated a policy by failing to wear impact gloves when he was moving the manifold; (2) falsified work documents after signing out "uninjured" after visiting the ER; and (3) failing to follow the direction of his supervisor, Mr. Young, by retrieving his belongings from his work station upon returning from the ER.

   a. Defendant's policy for failing to wear PPE is only a terminal offense in certain

situations. In this circumstance, Defendant had no policy requiring the use of impact gloves while moving manifolds.

b. Defendant has previously stated reasons (2) and (3) above do not justify termination. In addition, reason (2) is false.

16. Despite being fired for failing to wear PPE, Defendant does not uniformly enforce its PPE policy. Plaintiff observed others, including supervisors, not wearing impact gloves when rigging up or down and moving manifolds. On information and belief, these individuals were not written up or terminated for failing to wear impact gloves.

17. For example, Bill Place, has moved manifolds without wearing impact gloves and his employment has not been terminated. This occurred both prior to and after Plaintiff's injury.

18. While Defendant says moving manifolds is part of the rigging down process, the PPE policy in which Plaintiff is accused of violating only requires impact gloves when rigging down a grinder, not taking down a manifold. A grinder is a particle size reducer, which crushes rocks into smaller pieces.

19. Defendant's own investigation report after Plaintiff's injury states that it reviewed Tervita's PPE policy but no Standard Operating Procedures (S.O.P.s) were found for the demobilization, rigging down, or moving a manifold.

20. Plaintiff's termination was not due to the alleged failure to wear PPE, but rather in retaliation for using worker's compensation, in direct contravention of public policy.

## CAUSES OF ACTION

### Count 1
### (Wrongful Termination in Violation of Public Policy)

21. Plaintiff incorporates by reference the above paragraphs as though set forth separately herein.

22. Under the common law of the Commonwealth of Pennsylvania "[a]n employee will be entitled to bring a cause of action for a termination of that relationship only in the most limited of circumstances where the termination implicates a clear mandate of public policy in this Commonwealth." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000).

23. Pennsylvania courts have generally applied these exceptions "to situations in which an employer: (1) requires an employee to commit a crime; (2) prevents an employee from complying with a statutorily imposed duty; and (3) discharges an employee when specifically prohibited from doing so by statute." *Tanay v. Encore Healthcare, LLC*, 810 F. Supp. 2d 734, 737–38 (E.D. Pa. 2011).

24. The Pennsylvania Supreme Court has recognized that "an employer who fires an employee in retaliation for bringing a workers' compensation claim violates the public policy of this Commonwealth and can be liable at common law for wrongful discharge." *McLaughlin*, 750 A.2d at 287; *see also Shick v. Shirey*, 716 A.2d 1231, 1237 (Pa. 1998) ("[T]ermination of an at-will employee for filing a workers' compensation claim violates public policy.").

25. Defendant's conduct is violative of public policy for retaliating against an employee for filing a workers' compensation claim, where the obvious public policy is that an injured worker has a statutory right to file for workers compensation when injured at the workplace

26. Here, Plaintiff was injured at work, reported his injury to his supervisor, Mr. Young, treated and cleared to return to work, filed for workers compensation, and was fired in retaliation for filing for workers compensation under the guise of ostensibly breaking Tervita's PPE policy—that he was not wearing the correct PPE equipment.

27. At the time of Plaintiff's injury, he was not required to wear impact gloves, was not informed by Defendant that he was to wear impact gloves, nor was this alleged policy uniformly

enforced.

28.　Accordingly, Defendant wrongfully terminated Mr. Smith, in violation of the public policy exception to the employee at-will doctrine.

29.　As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries, including, but not limited to, loss of his job, loss of income, and loss of benefits associated with his employment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.　Back pay and all other benefits, prerequisites, and compensation which Plaintiff would have received since September 4, 2019 had he maintained his position with Defendant, including but not limited to lost wages, pay increases, and bonuses;

b.　Front pay;

c.　Reasonable attorney's fees and costs;

d.　Compensatory damages;

e.　Punitive damages; and,

f.　Any and all other relief as the Court may deem appropriate.

Date: December 4, 2020

*Elizabeth Pollock Avery*
Elizabeth Pollock Avery (PA ID: 314841)
CARLSON LYNCH LLP
1133 Penn Avenue, Fifth Floor
Pittsburgh, PA 15222
P: 412-322-9243
F: 412-231-0246
eavery@carlsonlynch.com

## VERIFICATION

I, Melvin Smith, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*DocuSigned by:*
*Melvin J. Smith*
195E65951153444...
Melvin Smith

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff
Signature: *Elizabeth Pollock Avery*
Name: Elizabeth Pollock Avery
Attorney No. (if applicable): 314841

Rev. 7/2018