IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-295 |
| | ) |
| TERVITA ENVIRONMENTAL SERVICES, CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Plaintiff Melvin Smith ("Smith) brings this action against his former employer, Defendant Tervita Environmental Services Inc.[1] ("Tervita"), alleging wrongful termination in violation of public policy under the common law of Pennsylvania, based on alleged retaliation for filing a workers' compensation claim. Presently before the Court is the Motion to Dismiss First Amended Complaint filed by Tervita.[2] (Docket No. 12). In its motion and brief in support, Tervita urges the Court to dismiss Smith's First Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Nos. 12, 13). Smith has filed a brief in opposition to Tervita's motion (Docket No. 14), and Tervita has filed a reply (Docket No. 17). After careful consideration of the parties' arguments and for the following reasons, Tervita's Motion to Dismiss is denied.

**I.   BACKGROUND**

As the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts, as alleged in the Complaint and in the light most favorable to Smith, that are relevant to the motion presently before the

---

[1]   Defendant indicates that it is incorrectly named in this action as "Tervita Environmental Services, Corp."

Court. Smith was formerly employed by Newalta Environmental Services, Inc. and its subsequent successor company, Tervita, as a full-time solids control technician from December 2, 2016, until his employment was terminated on September 4, 2019. (Docket No. 8, ¶ 5). On August 17, 2019, Smith was injured on the job while moving a manifold. (*Id.* ¶ 13). Prior to lifting the manifold, Smith wore impact gloves (a type of personal protective equipment, or "PPE") when he was helping to "rig down" the work location. (*Id.* ¶ 15). At the time of his injury, Smith was finished with the rigging down process (and was no longer in the "line of fire" where people are swinging hammers), so he was not wearing impact gloves. (*Id.* ¶¶ 14). While moving the manifold, Smith's right ring finger was pinched, causing a laceration. (*Id.* ¶ 16). After injuring his finger, Smith stopped working temporarily, reported the injury to his supervisor, and traveled with his supervisor to a hospital emergency room ("ER") where he received six stitches in the injured finger. (*Id.* ¶¶ 17-19). The ER doctor then told Smith that he was cleared to return to work with no restrictions. (*Id.* ¶ 19). Upon returning to work after leaving the ER, Smith's workers' compensation claim was filed, and Tervita's Human Resources Department instructed Smith's supervisor that Smith was not permitted to go back to work that shift. (*Id.* ¶ 20).

On September 4, 2019, Tervita discharged Smith for allegedly (1) violating a policy of failing to wear impact gloves when moving the manifold, (2) falsifying work documents after signing out "uninjured" when returning from the ER, and (3) failing to follow the direction of his supervisor by retrieving his belongings from his work station upon returning from the ER. (Docket No. 8, ¶ 21). Allegedly, however, Tervita has stated that reasons two and three do not justify termination, while Tervita's policy for failing to wear PPE is only a terminable offense in certain situations – and Tervita had no policy requiring the use of impact gloves while moving

manifolds.³  (*Id.*).  Smith alleges in his single-count Complaint that Tervita fired him in retaliation for filing a workers' compensation claim, and not for failing to wear PPE as Tervita claims.  (*Id.* ¶ 30).  Smith argues that Tervita's employment action is in direct contravention of the public policy exception to the at-will employment doctrine under Pennsylvania common law.  (*Id.* ¶ 39).  Tervita has filed its Motion to Dismiss Smith's Complaint, and the parties have filed briefs supporting and opposing the motion.  The matter is now ripe for decision.

## II. <u>DISCUSSION</u>

Turning to the governing legal standard, in considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

---

³ Smith also alleges that he witnessed supervisors rigging up and down manifolds without wearing impact gloves, that he witnessed multiple instances where Tervita's management team observed such activities without comment from the observing supervisor, and that none of those employees were terminated.  (Docket No. 8, ¶¶ 23-25).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

An employee in Pennsylvania "'may bring a cause of action for a termination of [his employment] only in the most limited circumstances, where the termination implicates a clear mandate of public policy.'" *Wainberg v. Dietz & Watson, Inc.*, Civ. Action No. 17-2457, 2017 WL 5885840, at *8 (E.D. Pa. Nov. 28, 2017) (quoting *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009)). However, "for the goals of the Pennsylvania Workers' Compensation Act 'to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal.'" *Id.* (quoting *Shick v. Shirey*, 716 A.2d 1231, 1237 (Pa. 1998) (internal citation omitted)). Thus, if employers may "'penalize employees for filing workmen's compensation claims, a most important public policy will be undermined.'" *Id.* (quoting *Shick*, 716 A.2d at 1237 (internal citation omitted)).

In order to establish a *prima facie* case of retaliation for filing a workers' compensation claim under the public policy exception to the at-will employment doctrine under Pennsylvania law, a plaintiff must show – similar to the Title VII standard for retaliation – that he or she: (1) engaged in protected activity, (2) suffered an adverse employment action either after or contemporaneously with the protected activity, and (3) there is a causal connection between the protected activity and adverse action to a workers' compensation retaliation claim under Pennsylvania law. *See Richetti v. Saks Fifth Ave.*, Civ. Action No. 11-256, 2013 WL 3802476, at *6 (W.D. Pa. July 18, 2013) (citing *Landmesser v. United Air Lines, Inc.,* 102 F. Supp. 2d 273, 277-78 (E.D. Pa. 2000), and *Griesbaum v. Aventis Pharmaceuticals,* No. 3:CV-04-1726, 2006 WL 2796160, at *3 (M.D. Pa. Sept. 25, 2006)). "In retaliation cases under federal law, the required causal connection between the employee's protected activity and adverse employment action is typically shown through some combination of (1) an unusually suggestive temporal proximity and/or (2) an accompanying pattern of antagonism or retaliatory animus." *Id.* (citing *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 279 (3d Cir. 2000)). Similarly, Federal courts interpreting Pennsylvania law have required the plaintiff to show such causal connection between a workers' compensation claim and the plaintiff's subsequent termination. *See id.* (citing *Deily v. Waste Mgmt. of Allentown,* 55 F. App'x 605, 608 (3d Cir. 2003)).

Here, Tervita argues that Smith has failed to establish his *prima facie* case of workers' compensation-based retaliation because he has not sufficiently alleged the requisite causal nexus between the filing of his workers' compensation claim and the termination of his employment by Tervita. In considering Tervita's argument, the Court is mindful that "Pennsylvania courts hearing wrongful discharge claims have 'deliberately eschewed a general test like that used in' federal retaliation claims in favor of an 'analy[sis] on a case-by-case basis,'" although "a

plaintiff must still show causation between the filing of a worker's compensation claim and his termination." *Wainberg*, 2017 WL 5885840, at *8 (quoting *Owens v. Lehigh Valley Hosp.*, 103 A.3d 859, 869 (Pa. Commw. Ct. 2014)). Furthermore, the Court notes that, as clearly explained by the Honorable Cathy Bissoon in *Richetti v. Saks Fifth Ave.*:

> As a general rule, the closer the timing between the initiation of major action involving the employee's protected activity and the adverse employment action, the more suggestive it is that a causal connection exists between the two. [*Farrell*, 206 F.3d] at 280. **A period of a few days or weeks ordinarily will, by itself, be sufficient to prove causation**; however, a gap of several weeks or months will generally require additional evidence, such as an intervening pattern of antagonism or similar showing of a retaliatory animus, to corroborate that the [employee's protected activity] was the cause of her discharge, rather than some other interjecting factor. *Id.* The reason for this distinction is simple: as a matter of logic, timing is, intrinsically, highly suggestive of causation. When two events occur one right after the other, it is very likely that the first exercised a strong influence on the second; when two events occur farther off in time, the influence of the first over the second becomes increasingly remote, absent some other corroborative evidence that the two are connected. **It therefore follows that in a workers' compensation retaliation action under Pennsylvania law, a causal connection may be demonstrated by a gap of only a few weeks between an event involving the claim and the employee's termination.** However, when the gap is [] several weeks or months, something else is required, like an intervening pattern of antagonism, to connect the two events. *See id*.

2013 WL 3802476, at *6 (emphasis added).

Here, as alleged in the Complaint, Smith was injured and filed his workers' compensation claim on August 17, 2019, and he was discharged by Tervita on September 4, 2019. (Docket No. 8, ¶¶ 12-13, 20-21). Upon consideration of the specific facts alleged here and the cases noted, *supra*, and in light of the pleading standards for a motion to dismiss, the Court finds that the timing of Smith's protected activity, the filing of his workers' compensation claim, and his termination – merely eighteen (18) days later – gives rise to a plausible inference of a causal connection between the two events. *See, e.g., Richetti,* 2013 WL 3802476, at *6-7 (fifteen (15) days between the protected activity and the adverse employment action sufficiently demonstrated

6

temporal proximity);[4] *see also Wainberg*, 2017 WL 5885840, at *7-8 (finding that a period of two (2) days between events was sufficiently close temporal proximity to give rise to an inference of a causal connection); *Williams v. Phila. Hous. Auth. Police Dept.*, 380 F.3d 751, 760 (3d Cir. 2004) (concluding that a period of over two (2) months between events did not show sufficiently close temporal proximity, alone, in order to establish a causal connection); *Frymoyer v. E. Penn Mfg. Co., Inc.*, No. 5:16-cv-05035, 2017 WL 2377749, at *6 (E.D. Pa. 2017) (finding that events five (5) months apart were "temporally remote"); *Griesbaum*, 2006 WL 2796160, at *3 (holding that a lapse of one (1) year between the alleged retaliatory act and the protected activity does not present a situation where "unusually suggestive" timing is sufficient to establish a causal link).

Therefore, the Court finds that Smith has adequately alleged a causal link between his protected activity and Tervita's adverse employment action. Accordingly, Smith has plausibly pled the third element of his *prima facie* case of retaliation for filing a workers' compensation claim under the public policy exception to Pennsylvania's at-will employment doctrine.

## III. CONCLUSION

For the reasons stated, Tervita's Motion to Dismiss Smith's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

## ORDER OF COURT

AND NOW, this 4th day of October, 2022, for the reasons set forth in the Memorandum above,

---

[4] In *Richetti*, Judge Bissoon also found that the facts showed retaliatory animus. *See* 2013 WL 3802476, at *6-7. The Court notes, however, that *Richetti* (which addressed a summary judgment motion), as well as other cases cited by Tervita, were decided at later stages of litigation and thus had the benefit of a developed factual record, while the present case comes before the Court on a motion to dismiss. At this early stage of the litigation, based on the facts alleged by Smith, the Court finds that it is prudent to allow his case to proceed to discovery.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss First Amended Complaint (Docket No. 12) is **denied**.

IT IS FURTHER ORDERED that Defendant shall file its Answer to Plaintiff's First Amended Complaint by **October 18, 2022**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record